CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 2 1 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

JEROME D. BROWN,        )
    Petitioner,         )    **Civil Action No. 7:05-cv-00386**
                       )    **Crim. No. 7:03-cr-00071**
                       )    **Crim. No. 7:03-cr-00101**
                       )    **Crim. No. 7:03-cr-00122**
                       )
**v.**                  )    **MEMORANDUM OPINION**
                       )
UNITED STATES OF AMERICA,   )    **By: Hon. James C. Turk**
    Respondent.       )    **Senior United States District Judge**

Petitioner Jerome D. Brown, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255. Petitioner challenges the validity of the restitution order imposed upon him by this court after his conviction on nine counts of bank robbery. The respondent has filed a response to petitioner's motion and petitioner has responded, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that although the motion to dismiss is insufficient, the petition must be dismissed.

### I.

Brown stands convicted of nine counts of bank robbery for offenses that occurred in Virginia, New York and New Jersey. The indictments and one information charging Brown with these offenses were transferred and consolidated for disposition before this court, pursuant to Fed. R. Crim. P. 20. On October 27, 2003, Brown pled guilty to all nine counts, pursuant to a written plea agreement. The agreement included a provision whereby Brown waived his right to appeal and his right to collaterally attack the convictions or sentences. Plea Agr. at para. 7-8. Brown did not appeal.

Brown executed his § 2255 petition on June 16, 2005. Brown asserts that court's

1

restitution order is in error because it requires Brown to pay the Bank of Botetourt in Fincastle, Virginia, the full amount stolen from that bank, despite the fact that most of the money from that robbery was recovered from Brown's person when law enforcement authorities apprehended him. Brown also alleges that counsel was ineffective for failing to object to the restitution order. Brown wants to have the restitution order corrected to reflect that he no longer owes the Bank of Botetourt the full amount taken during the robbery.

## II.

The government argues that the action should be dismissed because Brown waived his right to bring this collateral attack. The United States Court of Appeals for the Fourth Circuit has held that plea agreement provisions waiving the right to appeal or collaterally attack a conviction are valid, so long as the defendant voluntarily and knowingly enters the waiver. United States v. LeMaster, 403 F.3d 216 (4th Cir. Apr. 11, 2005). Whether the waiver is "knowing and intelligent" depends "upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any §2255 motion that necessarily relies on allegations that contradict the sworn statements." LeMaster, 403 F.3d at 221-22. The Fourth Circuit has recognized a narrow class of claims that fall outside the scope of a valid waiver of appeal rights (and by extension, a waiver of § 2255 rights). United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). For example, a claim that the court imposed a sentence exceeding the statutory maximum would fall outside the scope of the waiver and be actionable under § 2255. Id. at 172.

III.

The court cannot dismiss any portion of Brown's § 2255 petition as waived inasmuch as the government failed to submit the transcript of the plea hearing in support of the motion to dismiss.[1] LeMaster upholds plea agreement waivers of § 2255 rights, based on petitioner's statements in open court during the plea colloquy demonstrating that petitioner knowingly and voluntarily entered the plea and the waiver. 403 F.3d at 221-22. Without the transcript of this hearing, the court cannot complete a LeMaster analysis. Moreover, Brown's claim concerning his restitution amount arguably falls outside the scope of the plea agreement waiver. See Blick, 408 F.3d at 172 (citing United States v. Broughton-Jones, 71 F.3d 1143 (4th Cir. 1995) (finding that a claim regarding an order of restitution not authorized by statute fell outside scope of appeal waiver). Therefore, the court must deny the motion to dismiss.

In any event, Brown has no claim for relief under § 2255 because the restitution order is accurate. Brown pled guilty to the indictment charging him with taking a total of $1,860 from the Bank of Botetourt. He does not deny that he unlawfully took this amount of money from the bank. The court conducted the sentencing hearing for Brown on May 13, 2004, and ordered him to pay $1,860 in restitution to the Bank of Botetourt. See Judgement Order at 6. Pursuant to a letter from the Bank of Botetourt, dated October 6, 2005, and addressed to the United States Probation Office, on June 18, 2004, Roanoke County Police officers returned to the Bank of Botetourt a total of $1,785.50 as the amount of currency recovered from Brown after his arrest for the robbery.[2] Clearly, the bank had not yet received this

---

[1] The plea hearing has not yet been transcribed, and the government failed to arrange for its transcription before filing the motion to dismiss under LeMaster.

[2] Brown fails to offer any evidence that at the time of his arrest, he possessed the entire $1,860.00 that he stole from the bank.

3

money at the time of sentencing, and the restitution order accurately represented the amount of loss the bank suffered from the robbery. Thus, the record does not support Brown's claims that the restitution order overstated the amount of loss or that counsel was ineffective in failing to object to the restitution order.[3] Accordingly, the court will dismiss this action as without merit.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This _31st_ day of October, 2005.

_James c. Jur_
Senior United States District Judge

---

[3]Furthermore, Brown's restitution claim will be moot. The court will direct the clerk to accept a copy of the October 6, 2005, letter from the Bank of Botetourt as evidence of partial satisfaction of Brown's restitution and to credit $1,785.50 against the total amount of Brown's restitution debt to that institution.

4